**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-27319-CV-MIDDLEBROOKS**

YOEL LOPEZ RODRIGUEZ,

Petitioner,

v.

WARDEM. KROME NORTH SERVICE PROCESSING CENTER, *et al*.,

Respondents.
_______________________________________/

# ORDER

**THIS CAUSE** is before the Court on the *pro se* Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 ("***Petition***") by Petitioner Yoel Lopez Rodriguez ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention by immigration officials since August 2026. (*Id.* at 2, 8–12) As relief, Petitioner seeks an Order from the Court requiring immigration officials to immediately release him from immigration custody with or without a bond hearing. (DE 1 at 11–12.) Respondent argues that Petitioner is in pre-removal proceedings and, therefore, is subject to mandatory detention under 8 U.S.C. § 1225(b). (DE 8). For the reasons set forth below, the Petition (DE 1) is **DENIED**.

## I. FACTUAL BACKGROUND

Petitioner is a citizen of Cuba who was paroled into the United States on December 28, 2023 for a two-year period, expiring on December 28, 2025, after he was encountered at Brownsville Gateway Bridge in Brownsville, Texas. (DE 9 at 2 citing (DE 9-1, Ex. A at 3)); *see also* (DE 9-2, Ex. B at 1). On that same date, the United States Department of Homeland Security ("***DHS***") found Petitioner to be an arriving alien not in possession of a valid unexpired immigrant

visa, reentry permit, border crossing card, or other valid entry document and, therefore, removable pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (*Id.* at 2 citing (DE 9-2, Ex. B at 1, 4)). As a result, DHS served Petitioner with a Notice to Appear ("***NTA***"); and began removal proceedings. (*Id.* at 2 citing (DE 9-2, Ex. B)).

On April 1, 2025, following removal proceedings, an Immigration Judge ("IJ") entered an Order finding Petitioner inadmissible and ordered his removal to Cuba. (*Id.* at 2 citing (DE 9-3, Ex. C at 1)). On May 15, 2025, an IJ entered an Order granting Petitioner's motion to reopen the proceedings. (*Id.* citing (DE 9-4, Ex. D at 1)).

On August 31, 2026, border patrol agents "conducting roving patrol operations near Key Largo, Florida" identified "a vehicle as being registered to an illegal alien" and, as a result, conducted an investigative stop. (DE 9 at 2 citing (DE 9-1, Ex. A at 3)). On that same date, Petitioner was served with a warrant for arrest of alien and taken into immigration custody. (*Id.* citing (DE 9-6, Ex. F at 1)).

A master hearing is presently scheduled before an IJ for November 4, 2026. *See* EOIR Automated Case Information, online at https://acis.eoir.justic.gov/en/caseinformation.

Since his transfer to ICE custody on August 31, 2026, Petitioner has remained in immigration custody pending completion of his removal proceedings . (DE 1); *see also* (DE 9 at 2, citing (DE 9-7, Ex. G at 1)).

On October 16, 2026, Petitioner filed this Petition seeking immediate release from immigration custody with or without a bond hearing.[1] (DE 1 at 13).

---

[1] Petitioner maintains he is unlawfully detained and is entitled to release pursuant to a district court's decision in *Dominguez Rabaza v. Markwayne Mullin, et al.*, No. 1:26-cv-26167-JEM (S.D. Fla. Sept. 22, 2026) (DE 7). In *Dominguez Rabaza*, the Court found the petitioner, who was paroled into the United States and over three years later apprehended by immigration officials was "in the interior of the United States—not at a border or portion" and, therefore, 8 U.S.C. § 1226(a)

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Given the allegations in the Petition, I must consider whether Petitioner's pre-removal detention is lawful. Respondent argues that Petitioner is detained as an arriving alien under 8 U.S.C. § 1225(b)(2). (DE 9). I agree.

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* Section

---

and not 8 U.S.C. § 1225(b)(2) governed his detention. (*Id.* at 3 citing *Hernandez Alvarez v. Warden, Fed. Det. Ctr.*, 175 F.4th 1258, 1262 (11th Cir. 2026) (finding that no-bond detention generally applies to arriving aliens seeking lawful entry to the country and not to aliens who are simply present here). There is currently a split among the judges of this Court on this precise issue. Some judges have extended the reach of *Hernandez Alvarez* to include previously paroled aliens who are later re-detained. *See e.g.*, *Sylvaince v. Warden, Fed. Det. Ctr.*, 2026 WL 2568522, at *3 (S.D. Fla. Aug. 31, 2026) (Ruiz, J.) (finding an lien who is re-detained after living in the United States for years is properly re-detained only under § 1226(a) and not subject to mandatory detention under § 1225(b)(2)); *Zaga Tawil v. Patricia Cardinal*, 2026 WL 2198539, at **3–4, 2 (S.D. Fla. Jul. 30, 2026) (Bloom, J.) (finding petitioner detained under § 1226(a) and not § 1225(b) following release on his own recognizance pursuant to INA § 236) (collecting cases). Other courts, however, have found that previously paroled alien detainees are arriving aliens subject to mandatory detention under § 1225(b). *See Cabrera v. Ripa*, 2026 WL 2253670 (S.D. Fla. Aug. 5, 2026 (Damian, J.); *Flores v. Warden*, 2026 WL 143766 (S.D. Fla. May 21, 2026) (Altman, J.); *Jean v. U.S. Immigr. and Customs Enf't*, No. 26-cv-23849-JB (S.D. Fla. Sept. 2, 2026) (Becerra, J.)

1182(a)(7) provides that an individual who "at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document . . . " is ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(7). As relevant here, an individual properly characterized "under section 1182(a)(6)(C) or 1182(a)(7)" by an immigration officer shall be removed from the United States "without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of [the INA] or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). Individuals detained pursuant to Section 1225(b)(1) are subject to mandatory detention without an opportunity for a bond hearing. *See Jennings v. Rodriguez,* 583 U.S. 281, 302 (2018) ("In sum, §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin."); *see also Rosabal Blanco v. Bondi*, No. 26-cv-00051, 2026 WL 2143696, at * 3 (M.D. Fla. Jan. 28, 2026) ("A noncitizen subject to expedited removal under § 1225(b)(1) is subject to mandatory detention).

That is the situation here. The NTA issued to Petitioner upon his first encounter in December 2023 classified Petitioner as an "arriving alien" and charged him with inadmissibility under Section 212(a)(7)(A)(i)(I) of the INA, which is codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I), "as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document . . . ." (DE 9 at 3); *see also* (DE 9-2, Ex. B at 1, 4).

There is no indication in the record that Petitioner made a claim for asylum. Although it appears Petitioner was initially paroled into the United States (DE 9-1, Ex. A at 1), this does not

alter my finding that Petitioner is properly detained without a bond hearing under § 1225(b) because he is properly classified under the same legal status as when he first entered the United States. *See Jennings*, 583 U.S. at 288 ("[W]hen the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'"); *see also Garcia v. United States*, No. 25-cv-1053, 2025 WL 3537592, at *1 (M.D. Fla. Dec. 10, 2025) (finding that, although petitioner spent time in the United States after being released on an order of recognizance and was later re-apprehended, this did not change petitioner's initial classification as an "arriving alien" at the border). Because the "purpose of parole has been served," Petitioner is classified under the same legal status as when he first entered the United States. *Jennings*, 583 U.S. at 297. Thus, Petitioner's initial release on parole "shall not be regarded as an admission of the alien" and did not change his initial status as an "arriving alien." *Id.* at 288. Accordingly, based upon on the specific facts of this case, I find Petitioner is subject to mandatory detention under Section 1225(b) and is not entitled to an individualized bond hearing.

Although Petitioner has spent almost two months in civil immigration detention at the time he filed the Petition, as Respondent points out, the Supreme Court in *Jennings* held that "[§ 1225(b)(2)] mandate[s] detention until a certain point and authorize[s] release prior to that point only under limited circumstances. As a result, neither [§§ 1225(b)(1) and (b)(2)] can reasonably be read to limit detention to six months." *Jennings*, 583 U.S. at 301 (alterations added). The Supreme Court noted that § 1225(b)(2) "provide[s] for detention for a specified period of time. . . . 'for a [removal] proceeding.'" *Id.* at 299 (quoting § 1225(b)(2)(A)) (alteration in original). "The plain meaning of those phrases is that detention *must* continue . . . until removal

proceedings have concluded." *Id.* (emphasis added). Accordingly, Petitioner's detention is lawful pursuant to § 1225(b)(2)(A).

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **DENIED**.

2. All pending motions not otherwise ruled upon are **DENIED as moot.**

3. The Clerk of Court **SHALL** close this case.

**SIGNED** in Chambers at West Palm Beach, Florida, this 26th day of October, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Yoel Lopez Rodriguez, *Pro Se***
A# 244327689
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**Keyla E. Rodriguez, AUSA**
U.S. Attorney's Office
99 NE 4th Street
Miami, FL 33132
Email: Keyla.Rodriguez@usdoj.gov